UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY WEISS, as Trustee of the Edward Rickert, Sr. Trust, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:10-CV-949 (CEJ) ) |
| GARY W. RICKERT, Sr., et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM**

This matter is before the Court, pursuant to Fed. R. Civ. P. 12(h)(3), to determine whether it has subject matter jurisdiction of this interpleader action. In response to the Court's request, plaintiff and defendant Montgomery Bank have filed memoranda on the issue of jurisdiction. No other defendant has addressed the issue.

### I.      Background

Plaintiff is the trustee of the Edward Rickert, Sr. Trust. At the time this action was filed, the trust consisted of $84,921.42 in liquid assets and a 199-acre farm located in Monroe County, IL. Plaintiff claims that she should be allowed to interplead the assets of the trust because there are multiple potential claims against the trust that exceed its net worth.

Plaintiff states in the complaint that she is willing to deposit $50,000.00 into the Court's registry, but the remaining liquid assets of the trust will be held in the trust account of her attorney and used to pay the continuing obligations of the trust, including beneficiary maintenance costs and attorneys' fees. Subsequent to the filing of the complaint, the farm was sold and the liquid assets held in the trust are now

approximately $1.1 million. Plaintiff has not deposited any of the trust assets into the registry, but she continues to represent that she is willing to do so if ordered by the Court.

A.  **Trust Beneficiaries**

The terms of the trust provide that, upon the death of the grantor, one-third of the trust is to be immediately disbursed to Rosemary Weiss, the trustee and plaintiff in this action. (Doc. #1 at 25-37). The remaining two-thirds are to be held in trust for the benefit of Gary Rickert, Sr. and his brother, Edward Rickert, Jr., both of whom are named as defendants to the interpleader action. The trustee, at her sole discretion, may disburse payments from the trust as may be necessary for the "health, maintenance and support in reasonable comfort of Edward A. Rickert, Jr. and Gary Rickert, Sr." Id. Upon the death of the Edward Rickert, Jr. or Gary Rickert, Sr., any remaining portion of their respective one-third interests is to be eventually disbursed to their descendants. The trust also contains a spendthrift clause purporting to protect the trust assets from any liabilities incurred by the beneficiaries and prohibiting the beneficiaries from transferring or otherwise encumbering their interest in the trust. Id. at p. 32.

In the complaint, plaintiff identifies defendants Brian Rickert, Gary Rickert, Jr., and a minor child, E.A.R., as remainder beneficiaries of the trust. Defendant Linda Dazey is alleged to be the mother of E.A.R., and is alleged to have a judgment against Gary Rickert, Sr., for unpaid child support.

B.  **Bank Claimants**

After pleading guilty of bank fraud, in violation of 18 U.S.C. § 1344, Gary Rickert, Sr. and his son, Brian Rickert were sentenced to terms of imprisonment and

were ordered to pay restitution to defendants Centrue Bank, Enterprise Bank and Trust, and Midland States Bank. United States v. Gary Rickert, Sr., et al., No 4:09-CR-403 (E.D. Mo.) (Doc. ## 66 and 124). These banks and defendants Montgomery Bank, Midwest Bank Centre, Truman Bank and Champion Bank, are alleged to have potential monetary claims that they hope to satisfy from the trust.[1]

## II. Legal Standard

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see also Joyce v. Armstrong Teasdale, LLP, No. 4:08-CV-1390, 2010 WL 3613942 (E.D. Mo. 2010) (remanding to this Court to conduct jurisdictional discovery). The party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re BusinessMen's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

## III. Discussion

Plaintiff invokes jurisdiction under 28 U.S.C. § 1335, which provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . ., if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may

---

[1] The clerk of court has entered default against defendants Bank of Edwardsville and Westbridge Bank.

> claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335.

"An action commenced under section 1335 typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 375 (3d Cir. 1995). The second stage "proceeds like any other action, [it] is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." Id.

The Supreme Court has described the federal interpleader statute as one that is "remedial and to be liberally construed." State Farm & Casualty v. Tashire, 386 U.S. 523, 533 (1967). Consistent with this mandate, a plaintiff need no longer be disinterested in the funds it seeks to interplead. 28 U.S.C. § 1335 ("district courts shall have original jurisdiction of any civil action of interpleader or *in the nature of interpleader.*" (emphasis added)). Interpleader relief has also been extended to plaintiffs seeking protection from the prospect of multiple litigation, as well as from

multiple liability, on a single obligation. See Nichols, 363 F.2d at 357; Zechariah Chaffee, Jr., Federal Interpleader Since the Act of 1936, 49 YALE L.J. 377 (1940). Claimants need not have secured a judgment or lien to qualify as potential adverse claimants. Tashire, 386 U.S. 523. Nor must the adverse claims stem from a common origin. 28 U.S.C. § 1335(b).

Regardless of this broad construction, the underlying purpose of interpleader is still "to prevent a stakeholder from having to pay two or more parties for one claim." Republic of Philippines v. Pimentel, 553 U.S. 851, 872 (2008). As provided in § 1335(b), independent claims must be adverse to qualify as a civil action of interpleader or in the nature of interpleader. For claims to be adverse in the interpleader sense they must be mutually exclusive--*i.e.*, multiple claims on a single obligation. See Gaines v. Sunray Oil Co., 539 F.2d 1136, 1141 (8th Cir. 1976) ("Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund . . . Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability.").

Here, the claims of the defendants are not adverse in the interpleader sense. They are not multiple claims on a single obligation. Pimentel, 553 U.S. 851. Rather, they represent concurrent and independent obligations that plaintiff does not even concede are owed. The fact that the defendant claimants may look to the same asset (*i.e.*, the trust) for satisfaction of their claims does not mean that the claims are mutually exclusive. The success of one defendant in securing payment from the trust assets will not necessarily preclude other defendants from doing the same.

The claims of the defendants may be competing, but only to the extent of the timing or priority of any lien they may assert against the trust. The plaintiff cannot be subject to liability to a claimant who fails to obtain a share of the trust assets simply because other claimants succeeded in satisfying their claims first. The possibility that the dollar value of the multiple claims is greater that the value of the trust assets is not a basis for interpleader.

The plaintiff is correct in stating that a trustee may, in limited circumstances, commence an interpleader action. See State of Texas v. State of Florida, 306 U.S. 398 (1939) (decadent's estate subject to death tax collection actions by multiple states based upon mutually exclusive taxation theories); California v. Texas, 457 U.S. 164 (1982) (same). However, these cases are distinguishable from the instant case for the reasons discussed above. See Chaffee, Jr., 49 YALE L.J. 377 at 391-93 (discussing the significance of the type of claims in maintaining a trustee interpleader action).

Plaintiff states that she is unsure of how to proceed in light of the conflict arising from the spendthrift clause and her obligation to the beneficiaries. Issues concerning the a trustee's duty and the interpretation of the provisions of a trust implicate state, not federal, law. Plaintiff also voices concern that defending against multiple lawsuits could result in "the complete depletion of the corpus of the trust to the detriment of all the beneficiaries." (Doc. # 1 at p. 10). However, defending the trust against multiple claims is a trustee's duty, not the court's. See Tashire, 386 U.S. at 533, 535 ("our view of interpleader means that it cannot be used to solve all the vexing problems of multiparty litigation . . . interpleader was never intended to perform such a function, to be an all-purpose 'bill of peace.'").

As a second basis for jurisdiction, plaintiff asserts that this case presents a

federal question in that the trust assets may be subject to a forfeiture action pursuant to 18 U.S.C. § 981 as a result of the criminal proceedings against Gary Rickert, Sr. and Brian Rickert. Apart from the fact that the United States is not a party to the interpleader action, the government abandoned its efforts to obtain an order of forfeiture. United States v. Gary Rickert, Sr., et al., No 4:09-CR-403 (E.D. Mo.) (Doc. # 54). Thus, there is no basis for a claim of federal question jurisdiction. See 28 U.S.C. § 1331.

* * * *

For the reasons discussed above, the Court finds that plaintiff has failed to establish any basis for federal jurisdiction. Therefore, the complaint will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

An order of dismissal will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2011.